UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DOROTHY CHASEWOOD,

        Plaintiff,

-against-

CHRISTOPHER KAY, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
NEW YORK CITY DEPARTMENT OF FINANCE,
NEW YORK CITY BUREAU OF HIGHWAY
OPERATIONS, and "JOHN DOE" and "JANE ROE",
said names being fictitious, it being the intention of
Plaintiff to designate any and all occupants of the
premises at issue herein, and any parties, corporations
or entities, if any, having or claiming an interest or lien
upon the subject premises at issue herein,

        Defendants.
----------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, DOROTHY CHASEWOOD, by her attorneys, Campolo, Middleton & McCormick, LLP, as and for her Complaint, alleges as follows:

**NATURE OF ACTION**

1. This is an action for a partition and sale pursuant to Article 9 of the New York Real Property Actions and Proceedings Law arising from Plaintiff's and Defendant's respective interests in the real property located at 176 West Street, Brooklyn, New York ("Premises").

2. Plaintiff, DOROTHY CHASEWOOD ("CHASEWOOD"), and Defendant, CHRISTOPHER KAY ("KAY"), were married and since divorced. Their relationship deteriorated into contentious and acrimonious litigation as set forth in greater detail below.

3. The enmity that exists between said parties thus requires the Premises be sold as Plaintiff CHASEWOOD and Defendant KAY cannot come to any agreement as to its disposition.

## PARTIES

4. Plaintiff CHASEWOOD is an individual who resides at 926 Sunrise Terrace, Indian River Shores, Florida 32963.

5. Defendant KAY is an individual who resides at 176 West Street, Apartment 4, Brooklyn, New York 11222.

6. NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE is named as a Defendant herein, having a possible interest in the Premises as a possible lienor for unpaid Franchise Taxes and/or as a judgment creditor.

7. NEW YORK CITY DEPARTMENT OF FINANCE is named as a Defendant herein, having a possible interest in the Premises as a possible lienor for unpaid New York State Estate Taxes.

8. NEW YORK CITY DEPARTMENT OF HIGHWAY OPERATIONS is named as a Defendant herein, having a possible interest in the Premises as a possible lienor for a sidewalk lien.

9. "JOHN DOE" and "JANE ROE" are named as Defendants herein, said names being fictitious, it being the intention of Plaintiff to designate any and all tenants/persons in possession of the Premises, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the Premises.

10. The aforementioned parties, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY BUREAU OF HIGHWAY OPERATIONS, and" JOHN DOE" and "JANE ROE", have been named as permissible Defendants pursuant to RPAPL 904 because they may have an interest in the Premises.

## JURISDICTION

11. This Court has jurisdiction under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Plaintiff CHASEWOOD resides in Florida.

13. Defendant KAY resides in New York.

14. The remaining Defendants are either governmental agencies of the City and/or State of New York, and possible tenants and/or persons in possession of the Premises, which is located in the City and State of New York.

15. Upon information and belief, the fair market value of the Premises is between Three Million ($3,000,000.00) Dollars and Four Million ($4,000,000.00) Dollars.

16. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Eastern District of New York because the Premises that is subject to this action is located within this District and Defendant KAY resides in this District.

## STATEMENT OF FACTS

### A. Plaintiff's Interest in 176 West Street Corp.

17. Prior to Plaintiff CHASEWOOD acquiring an interest in the Premises, the Premises was owned by 176 West Street Corp., a corporation solely owned by Defendant KAY.

18. Upon the divorce of Plaintiff CHASEWOOD and Defendant KAY, a Separation and Settlement Agreement ("Separation Agreement") was entered into on February 17, 2009. Pursuant to the Separation Agreement, Plaintiff CHASEWOOD was entitled to a one-half (50%) interest in 176 West Street Corp.

19. Despite the Separation Agreement granting Plaintiff CHASEWOOD a one-half (50%) interest in 176 West Street Corp., Defendant KAY refused to comply with the Agreement.

20. As a result, Plaintiff CHASEWOOD commenced enforcement proceedings

against Defendant KAY in the Circuit Court of the Eighteenth Judicial District in and for Brevard County, Florida. Thereafter, CHASEWOOD and KAY entered into a "Stipulated Order Re: Amended Motion to Compel Enforcement, Motion for Contempt, et al.," on July 9, 2014, wherein Defendant KAY acknowledged that:

    a. pursuant to their February 17, 2009 Separation and Settlement Agreement, CHASEWOOD was entitled to a one-half (50%) interest in 176 West Street Corp.;

    b. KAY was obligated to transfer to CHASEWOOD her one-half (50%) interest in 176 West Street Corp. to her but that he failed to do so; and

    c. that prior to KAY transferring to CHASEWOOD her one-half (50%) interest in 176 West Street Corp., said entity was dissolved while under Respondent's sole care, custody, and control on October 26, 2011.

**B.    Plaintiff's Interest in the Premises Located at 176 West Street, Brooklyn, New York**

21. Pursuant to a February 26, 2016 Order of the Circuit Court of the Eighteenth Judicial District in and for Brevard County, Florida, Defendant KAY was ordered to execute a deed transferring to Plaintiff CHASEWOOD her one-half (50%) interest in the Premises ("Deed"). A copy of the Deed is annexed hereto at Exhibit A.

22. Defendant KAY eventually signed the Deed on October 17, 2016, as directed by the Florida Court, but refused to execute the New York State and City transfer tax returns and other ancillary documents necessary to file a deed in New York State.

23. As a result, Plaintiff CHASEWOOD was again forced to commence additional enforcement proceedings in Florida to obtain permission to sign the New York State and City transfer tax returns, as well as other ancillary documents necessary to file the Deed in New York as "attorney ad litem for Christopher Kay."

24. Pursuant to a subsequent Order of the Circuit Court of the Eighteenth Judicial District in and for Brevard County, dated July 19, 2017, Plaintiff signed the documents necessary to file the Deed.

25. By Deed dated October 17, 2016, Defendant KAY, as President and Sole Shareholder of 176 West Street Corp., conveyed all rights, title, and interest in and to the Premises to Plaintiff CHASEWOOD and Defendant KAY as tenants-in-common. Said property is designated as Block 2521, Lot 8. *See* Exhibit A.

26. The Deed transferring the Premises to Plaintiff CHASEWOOD and Defendant KAY as tenants-in-common was thereafter recorded on October 20, 2017, in the Office of the City Register of the City of New York.

27. The Deed sets forth the legal description of the premises at 176 West Street, Brooklyn, New York, which is as follows:

> **ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York and being more particularly bounded and described as follows:
>
> BEGINNING at a point on the Easterly side of West Street (formerly Washington) distant 40 feet Southerly from the corner formed by the intersection of the Easterly side of West Street with the Southerly side of Greene Street (formerly G. Street);
>
> RUNNING THENCE Southerly along West Street 20 feet;
>
> THENCE Easterly parallel with Greene Street 75 Feet;
>
> THENCE Northerly parallel with West Street 20 feet;
>
> THENCE Westerly parallel with Greene Street and part of the distance through a party wall erected partly upon the premises hereby conveyed and partly upon the adjoining Northerly Lot 75 feet to the Easterly side of West Street to the point or place of BEGINNING.

28. Defendant KAY in his individual capacity has, since on or about October 26,

2011, exercised complete dominion and control over the Premises.

29. From on or about October 26, 2011, and continuing to present date, Defendant KAY has rented part or all of the Premises, and collected and retained for himself the income generated by said rentals.

30. By virtue of the foregoing, CHASEWOOD is compelled to seek the immediate partition and sale of the Premises.

## AS AND FOR A FIRST CAUSE OF ACTION
(Partition and Sale)

31. Plaintiff hereby repeats, reiterates, and realleges each and every allegation contained in the paragraphs above, with the same force and effect as if same were fully set forth at length herein.

32. By virtue of the foregoing, Plaintiff CHASEWOOD and Defendant KAY are seized and possessed in fee as tenants-in-common of the Premises.

33. The rights, shares, and interest in the Premises of Plaintiff CHASEWOOD and Defendant KAY are as follows:

   a. CHASEWOOD is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises; and

   b. KAY is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises.

34. Upon information and belief, the fair market value of the Premises is between Three Million ($3,000,000.00) Dollars and Four Million ($4,000,000.00) Dollars.

35. Upon information and belief, there are no other parties interested in the Premises or with an undivided interest in the Premises other than Plaintiff and Defendant.

36. Except as otherwise alleged in this Complaint, there are no other liens or

encumbrances of record on the Premises.

37. Plaintiff CHASEWOOD and Defendant KAY are of full age and competency and under no disability.

38. The Premises herein described is the only land owned in common by the parties to this action.

39. The Premises is so situated that division or partition thereof between Plaintiff CHASEWOOD and Defendant KAY, according to their respective rights and interests, is not possible without great prejudice to the owners thereof, and thus a sale of the property is necessary.

40. Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment)

41. Plaintiff hereby repeats, reiterates, and realleges each and every allegation contained in the paragraphs above, with the same force and effect as if same were fully set forth at length herein.

42. Plaintiff CHASEWOOD and Defendant KAY are the owners of the Premises as tenants-in-common.

43. Plaintiff CHASEWOOD and Defendant KAY are seized of the Premises in fee simple.

44. Plaintiff CHASEWOOD has a pecuniary interest in the Premises.

45. A justiciable controversy exists between Plaintiff CHASEWOOD and Defendant KAY with respect to their rights and interests in the Premises.

46. The parties are in doubt about their rights and interests in the Premises.

47. Plaintiff CHASEWOOD requests relief in the form of a partition in sale because

Plaintiff CHASEWOOD and Defendant KAY are unable to come to an agreement as to the sale of the Premises or as to a reasonable buy-out by Defendant KAY of Plaintiff CHASEWOOD's one-half (50%) interest in the Premises or as to a reasonable buy-out by Plaintiff CHASEWOOD of Defendant KAY's one-half (50%) interest in the Premises.

48. By reason of the foregoing, Plaintiff CHASEWOOD is entitled to a declaration that:

    a. the laws of New York control the rights and interests of Plaintiff CHASEWOOD and Defendant KAY to the Premises;

    b. that the Premises is so situated that a sale of the Premises is necessary and that the Premises be sold under the direction of this Court;

    c. that Plaintiff CHASEWOOD is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises;

    d. that Defendant KAY is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises;

    e. that a division of the proceeds from the sale be directed between Plaintiff CHASEWOOD and Defendant KAY according to their respective rights and interests in the Premises after the payment of the lawful costs and disbursements of this action, and after appropriate adjustments are made based upon KAY's accounting; and

    f. for such further relief as is necessary to protect Plaintiff CHASEWOOD's rights and interests.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Accounting)

49. Plaintiff hereby repeats, reiterates, and realleges each and every allegation contained in the paragraphs above, with the same force and effect as if same were fully set forth at length herein.

50. Prior to the Deed, the Premises was owned by 176 West Street Corp., a corporation solely owned by Defendant KAY.

51. As a result of enforcement proceedings commenced by Plaintiff CHASEWOOD against Defendant KAY in the Circuit Court of the Eighteenth Judicial District in and for Brevard County, Florida, CHASEWOOD and KAY entered into a "Stipulated Order Re: Amended Motion to Compel Enforcement, Motion for Contempt, et al.," on July 9, 2014, wherein Defendant KAY acknowledged that:

   a. pursuant to their February 17, 2009 Separation and Settlement Agreement, CHASEWOOD was entitled to a one-half (50%) interest in 176 West Street Corp.;

   b. KAY was obligated to transfer to CHASEWOOD her one-half (50%) interest in 176 West Street Corp. to her but that he failed to do so; and

   c. that prior to KAY transferring to CHASEWOOD her one-half (50%) interest in 176 West Street Corp., said entity was dissolved while under Respondent's sole care, custody, and control on October 26, 2011.

52. Defendant KAY in his individual capacity has, since on or about October 26, 2011, exercised complete dominion and control over the Premises.

53. From on or about October 26, 2011, and continuing to present date, Defendant KAY has rented part or all of the Premises, and collected and retained for himself the income generated by said rentals.

54. Defendant KAY has failed and refused to account for said rental income or any

other income and expenses of the Premises.

55. Plaintiff CHASEWOOD has no adequate remedy at law or the relief sought in this Count.

56. By reason of the foregoing, Plaintiff CHASEWOOD is entitled to an Order directing Defendant KAY to account for all rental income or any other income and expenses of the Premises from October 26, 2011 to present.

### AS AND FOR A FOUTH CAUSE OF ACTION
(Unjust Enrichment)

57. Plaintiff hereby repeats, reiterates, and realleges each and every allegation contained in the paragraphs above, with the same force and effect as if same were fully set forth at length herein.

58. By virtue of the facts set forth above, Defendant KAY has been unjustly enriched as he has and will continue to receive the benefits of collecting and retaining for himself all income generated by said rentals despite co-owning the Premises as tenants-in-common with Plaintiff CHASEWOOD whom has an undivided one-half (50%) interest in the Premises.

59. The principles of equity and good conscience dictate that Defendant KAY cannot be permitted to retain the benefits of collecting and retaining for himself all income generated by said rentals because Plaintiff CHASEWOOD has an undivided one-half (50%) interest in the Premises.

60. As a result of the foregoing, Plaintiff CHASEWOOD has suffered damages in that Plaintiff has been deprived of her undivided one-half (50%) interest in the income generated by said rentals.

**WHEREFORE**, Plaintiff, DOROTHY CHASEWOOD, respectfully requests judgment against the Defendant, CHRISTOPHER KAY, as follows:

(i) On the First Cause of Action for a partition and sale;

    a. partition and sale of the Premises described according to the respective rights of the parties interested in the Premises such that a sale of the Premises be had and a division of the proceeds directed among the parties according to their respective rights and interests in the Premises after the payment of the lawful costs and disbursements of this action;

    b. that the Premises is so situated a sale of the Premises is necessary and that the Premises be sold under the direction of this Court;

    c. that CHASEWOOD is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises;

    d. that KAY is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises;

    e. that an accounting be provided by KAY who has exercised complete dominion and control over the Premises, to the exclusion of CHASEWOOD, including, but not limited to, rental income from said Premises;

    f. that a division of the proceeds from the sale be directed between CHASEWOOD and KAY according to their respective rights and interests in the Premises after the payment of the lawful costs and disbursements of this action and after appropriate adjustments are made based upon KAY's accounting; and

    g. for such further relief as is necessary to protect CHASEWOOD's rights and interests.

(ii) On the Second Cause of Action for a declaratory judgment;

    a. declaring that the laws of New York control the rights and interests of CHASEWOOD and KAY to the Premises; and

    b. declaring that the Premises is so situated a sale of the Premises is necessary and that the Premises be sold under the direction of this Court; and

    c. declaring that CHASEWOOD is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises; and

    d. declaring that KAY is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises; and

    e. directing KAY to account for all rental income or any other income and expenses of the Premises from October 26, 2011 to present; and

    f. that a division of the proceeds from the sale be directed between CHASEWOOD and KAY according to their respective rights and interests in the Premises after the payment of the lawful costs and disbursements of this action and after appropriate adjustments are made in CHASEWOOD's favor based upon KAY's accounting; and

    g. for such further relief as is necessary to protect CHASEWOOD's rights and interests.

(iii) On the Third Cause of Action for an accounting;

    a. judgment declaring the laws of New York control the rights and interests of Plaintiff CHASEWOOD and Defendant KAY to the Premises;

    b. that the Premises is so situated that a sale of the Premises is necessary and that the Premises be sold under the direction of this Court.;

    c. that Plaintiff CHASEWOOD is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises;

    d. that Defendant KAY is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises;

    e. that a division of the proceeds from the sale be directed between Plaintiff CHASEWOOD and Defendant KAY according to their respective rights and interests in the Premises after the payment of the lawful costs and disbursements of this action and after appropriate adjustments are made based upon KAY's accounting; and

    f. for such further relief as is necessary to protect Plaintiff CHASEWOOD's rights and interests.

(iv) On the Fourth Cause of Action for unjust enrichment;

    a. damages representing the sum that Plaintiff has been deprived of her undivided one-half (50%) interest in the income generated by said rentals of the Premises.

(v) Together with the costs and disbursements herein and such other further and different relief that this court deems just and proper.

Dated: Ronkonkoma, New York
       January 26, 2018

                              CAMPOLO, MIDDLETON
                              & McCORMICK, LLP

By: _____
                              Patrick McCormick, Esq.
                              *Attorneys for Plaintiff*
                              4175 Veterans Memorial Highway Suite 400
                              Ronkonkoma, New York 11779
                              (631) 738-9100